UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK SILVESTRI,                    )
                                   )
            Plaintiff,             )          CIVIL ACTION
      v.                           )          NO. 14-13137-FDS
                                   )
JAMES SMITH, et al.,               )
                                   )
            Defendants.            )

# MEMORANDUM OF DECISION AND
## ORDER ON DEFENDANTS' MOTION TO COMPEL

February 26, 2016

DEIN, U.S.M.J.

## I.  INTRODUCTION

This action arises out of two alleged assaults on the plaintiff, Mark Silvestri ("Silvestri"),

which occurred in July 2011 while Silvestri was in pretrial detention at the Plymouth County

Correctional Facility ("PCCF") in Plymouth, Massachusetts.  Silvestri claims that the defendants,

including four corrections officers and a Captain at PCCF, either participated in, or failed to

intervene in order to protect him from, the alleged assaults.  He further alleges that he suffered

a number of physical injuries, as well as severe emotional distress, as a result of the defendants'

actions.  By his Second Amended Complaint, Silvestri has brought claims against the defendants

pursuant to 42 U.S.C. § 1983 and state law, including claims for violations of his Fourteenth

Amendment right to substantive due process (Counts I-III), as well as claims for assault and

battery (Counts IV-V), negligence (Count VI), wanton and reckless conduct (Counts VII-IX),

intentional infliction of emotional distress (Count X) and negligent infliction of emotional distress (Count XI).

The matter is presently before the court on the "Defendants' Motion to Compel Discovery" (Docket No. 70).  By their motion, the defendants are seeking an order: (i) compelling the plaintiff to respond to deposition questions regarding any mental health diagnoses and treatment that he received subsequent to the time of the alleged assaults, and (ii) compelling the production of treatment records from Silvestri's mental health providers, including but not limited to, four different psychotherapists from whom Silvestri has obtained treatment since 2012.   There is no dispute that Silvestri's communications with his psychotherapists fall within the scope of the psychotherapist-patient privilege, as established pursuant to federal common law.  Nevertheless, the defendants contend that the plaintiff has waived his right to assert a privilege over those communications by filing specific claims for emotional distress and putting his emotional condition directly at issue in the litigation.  The plaintiff argues that the court should adopt a narrow approach to waiver of the psychotherapist-patient privilege.  He further argues that when such an approach is applied to the circumstances of this case, no waiver can be found because Silvestri has not made, and does not intend to make, affirmative use of the privileged communications in connection with the prosecution of his claims.

After consideration of the parties' written submissions and their oral arguments, the motion to compel is hereby ALLOWED IN PART and DENIED IN PART WITHOUT PREJUDICE.   As detailed below, Silvestri has not shown that information regarding the nature of any mental health diagnoses or treatment he has received since the date of the alleged assaults falls within

the scope of the psychotherapist-patient privilege.  Therefore, the motion is allowed to the extent that it seeks such information.  This court also finds that the narrow approach to waiver applies in this case, and that Silvestri has not waived his right to assert the privilege over communications with his mental health providers.   Accordingly, to the extent the defendants are seeking treatment records from Silvestri's mental health providers, their motion is denied.  However, the denial shall be without prejudice to the defendants' ability to renew their motion following the disclosure of experts, or at any other appropriate point in the proceedings, if it appears that the plaintiff is seeking to make affirmative use of the privileged information.

## II.  DISCUSSION

### A.   The Psychotherapist-Patient Privilege

### Scope of the Privilege

"The Supreme Court [has] recognized the psychotherapist-patient privilege as a matter of federal common law[.]"[1] In re Grand Jury Proceedings (Gregory P. Violette), 183 F.3d 71, 73 (1st Cir. 1999).  Pursuant to the privilege, "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure" under Rule 501 of the Federal Rules of Evidence.  Id. (quoting Jaffee v. Redmond, 518 U.S. 1, 15, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996)).  Thus, the privilege applies to "confidential communications made to licensed psychiatrists and psychologists[,]" as well as to "confidential communications made to licensed social workers in the course of psychotherapy." Jaffee, 518 U.S. at 15, 116 S. Ct. at 1931.

---

[1] There is no dispute that where, as here, a case includes both federal and state law claims, "the federal law of privilege applies." Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 226-27 (D. Mass. 1997).

"As a general matter, a party asserting a privilege has the burden of showing that the privilege applies."  In re Grand Jury Proceedings (Gregory P. Violette), 183 F.3d at 73. Accordingly, "a party asserting the psychotherapist-patient privilege must show that the allegedly privileged communications were made (1) confidentially (2) between a licensed psychotherapist and her patient (3) in the course of diagnosis or treatment."  Id.  In the instant case, there is no dispute that communications between Silvestri and his psychotherapists or other mental health providers are covered by the privilege.  (See Defs.' Mem. (Docket No. 71) at 1, 6).  However, the defendants maintain that they are entitled to information pertaining to Silvestri's mental health diagnoses and treatment, and to copies of treatment records maintained by Silvestri's mental health providers, because the privilege has been waived.  (Id. at 6).   While this court finds that the first category of information is discoverable, the defendants have not shown that they are entitled to the disclosure of Silvestri's treatment records.

### Application of the Privilege

It is undisputed that the treatment records at issue reflect confidential communications between the plaintiff and his mental health providers, which were made in the course of his diagnosis or treatment.  (See Defs.' Mem. at 1, 6; Pl. Opp. Mem. (Docket No. 75) at 3). Accordingly, there is no dispute that those records fall within the scope of the psychotherapist-patient privilege.  However, Silvestri has not shown that information regarding any mental health diagnoses and treatment that he may have received is similarly protected.  Therefore, the defendants are entitled to the disclosure of that information.

As described above, the privilege applies to "communications" between the patient and his mental health provider that are made "in the course of diagnosis or treatment[.]"  Jaffee, 518 U.S. at 15, 116 S. Ct. at 1931.  Thus, the "privilege protects only the substance of communications" between the patient and his treatment provider.  Howe v. Town of N. Andover, 784 F. Supp. 2d 24, 34 (D. Mass. 2011).  It does not apply to "facts regarding the occurrence of psychotherapy, such as the name of the psychotherapist or dates and costs of treatment[.]"  Id.  Nor does it protect other non-communicative information such as the nature of any diagnosis or treatment for a mental health condition.  See In re Adoption of Saul, 60 Mass. App. Ct. 546, 549-53, 804 N.E. 2d 363-65 (2004) (distinguishing between communicative conduct that relates to diagnosis or treatment of a mental illness, which falls within the scope of the Massachusetts psychotherapist-patient privilege, from the diagnosis itself, which is not protected).   In the instant case, Silvestri has failed to establish that the disclosure of any mental health diagnoses, or the nature of any mental health treatment he has received since the time of the alleged assaults, would reveal the substance of any privileged communications. Therefore, the defendants' motion is allowed to the extent it seeks such information.  By **March 2, 2016** or any other date agreed to by the parties, the defendants shall serve the plaintiff with an Interrogatory requesting any non-privileged information regarding his mental health treatment, including any diagnoses, the nature of his treatment (including any medications), the dates of such treatment, and whether or not the plaintiff is seeking damages in connection with any such diagnoses and treatment.  The plaintiff shall provide a response to the defendants' Interrogatory by **March 9, 2016** or any other date agreed to by the parties.

**B.**     <u>**Waiver**</u>

The next question that has been raised by the defendants' motion is whether Silvestri has waived his right to assert a psychotherapist-patient privilege over his mental health records.  The defendants argue that the plaintiff has waived the privilege by "seek[ing] monetary relief for a panoply of severe harms that he allegedly suffered – and continues to suffer – from the July 2011 incidents" at PCCF, by asserting claims for intentional and negligent infliction of emotional distress, and by alleging mental injury "well beyond a 'garden variety' emotional distress claim."  (Defs.' Mem. at 6).  Thus, the defendants urge this court to adopt what courts refer to as the "middle ground" approach to waiver of the psychotherapist-patient privilege, and to find that Silvestri has waived the privilege by alleging severe emotional distress and asserting separate tort claims for intentional and negligent infliction of emotional distress.  (<u>See</u> <u>id.</u> at 5-6).  The plaintiff argues that this court should adopt the so-called "narrow" approach to waiver because it is consistent with the view of district courts in Massachusetts, with the directives of the Supreme Court as set forth in <u>Jaffee</u>, and with Massachusetts state law regarding the psychotherapist-patient privilege, and because it would safeguard Silvestri's privacy without causing prejudice to the defendants.  (Pl. Opp. Mem. at 6).  He further argues that under the narrow approach, no waiver has occurred.  (<u>Id.</u> at 6-7).  For the reasons that follow, this court finds Silvestri's position persuasive.

<u>Federal Courts' Approaches to Waiver</u>

Federal courts faced with the question of waiver of the psychotherapist-patient privilege "have developed divergent approaches for determining whether [the] privilege has been waived."  <u>St. John v. Napolitano</u>, 274 F.R.D. 12, 18 (D.D.C. 2011).  Some courts have applied

what is known as the "broad" approach to waiver.  Id.  Those "courts have held that a plaintiff places his or her medical condition at issue and waives the psychotherapist-patient privilege simply by making a claim for emotional distress."  Id.  Therefore, under the broad approach, "merely alleging the experience of emotional distress" is sufficient to waive the psychothera-pist-patient privilege.  Id.  This court is not aware of any cases in the District of Massachusetts in which a judge has adopted this approach.

Other courts, including a number of judges in this district, have applied the so-called "narrow" approach to waiver.  See id.  Those courts have held that "the privilege is not waived unless the plaintiff makes affirmative use of the privileged material in connection with [the] prosecution of the case."  Booker v. city of Boston, Nos. 97-CV-12534-MEL, 97-CV-12675-MEL, 1999 WL 734644, at *1 (D. Mass. Sept. 10, 1999) (citations omitted).  See also Howe, 784 F. Supp. 2d at 34 (finding that privilege is waived where plaintiff calls the psychotherapist as a witness or relies on the substance of a privileged communication, but not where plaintiff merely asserts claims for emotional distress); Vanderbilt, 174 F.R.D. at 228 (holding "that Plaintiff must use the privileged communication as evidence herself before she waives the privilege").  Accordingly, under the narrow approach, "[a] plaintiff does not waive [his] patient-psychotherapist privilege merely by bringing . . . a 'garden-variety' claim for emotional distress, such as allegations of 'mental anguish, severe emotional distress . . . [or] emotional pain.'" Howe, 784 F. Supp. 2d at 34 (quoting Sorenson v. H & R Block, Inc., 197 F.R.D. 199, 204-05 (D. Mass. 2000)).  "Further, the fact that [a plaintiff] bring[s] claims for intentional and negligent infliction of emotional distress does not, in and of itself, operate as a waiver."  Sorenson, 197 F.R.D. at 204-05.  Rather, pursuant to the narrow approach, the privilege is waived only "if

plaintiff calls the psychotherapist as a witness or introduces into evidence (including by plaintiff's own testimony) the substance of any privileged communication."  Howe, 784 F. Supp. 2d at 34.

At least one judge in Massachusetts has applied a third approach-- the so-called "'middle ground' approach."  See Cabot v. Lewis, C.A. No. 13-11903-FDS (D. Mass. Apr. 28, 2015) (Docket No. 129) ("Cabot Order").[2]  Under that approach, courts have attempted to draw "a distinction between claims for 'garden variety' emotional distress and more severe emotional distress allegations" by looking at the nature and extent of the injury alleged as well as the plaintiff's claims.  St. John, 274 F.R.D. at 18.  Accordingly, courts applying the middle ground approach will consider a number of factors to determine whether the plaintiff has waived the psychotherapist-patient privilege by alleging more than "garden variety" emotional distress.  See id. at 19.  Such factors include: (1) whether the plaintiff has asserted "a cause of action for intentional or negligent infliction of emotional distress;" (2) whether the plaintiff has alleged "a specific mental or psychiatric injury or disorder;" (3) whether the plaintiff has asserted "a claim of unusually severe emotional distress;" (4) whether the plaintiff seeks to offer "expert testimony to support a claim of emotional distress;" and/or (5) whether the plaintiff concedes "that his or her mental condition is in controversy" in the case.  Id. (quoting Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995)) (internal quotations omitted). Thus, under the middle ground approach, "if the plaintiff alleges a separate tort for the distress or claims a specific injury or disorder or unusually severe distress, he has waived the privilege."

---

[2] A copy of the Cabot order is attached as an Exhibit to the defendants' memorandum in support of their motion to compel.

<u>Cabot</u> Order at 6.  As described above, the defendants urge this court to adopt the middle ground approach, while the plaintiff argues that the narrow approach is appropriate.

### Adoption of the "Narrow" Approach to Waiver

This court finds that the narrow approach to waiver should apply to this case.  As an initial matter, "the federal court in Massachusetts has been [nearly] uniform in taking the more limited view" of waiver of the psychotherapist-patient privilege.  <u>Sorenson</u>, 197 F.R.D. at 204. In fact, the courts have taken this view both when applying the federal common law of privilege and when applying Massachusetts law.  <u>See</u>, <u>e.g.</u>, <u>Bettencourt v. Arruda</u>, C.A. No. 10-11487-JGD, 2011 WL 4905694, at *1 (D. Mass. Oct. 14, 2011) (finding no waiver under state law where plaintiff did not call his psychotherapist as a witness or attempt to introduce the substance of privileged communications); <u>Howe</u>, 784 F. Supp. 2d at 34 (taking narrow approach to waiver in action brought under 42 U.S.C. § 1983); <u>Sorenson</u>, 197 F.R.D. at 204 (adopting narrow view of waiver in case involving application of state law "because that appears to be the law in Massachusetts"); <u>Vanderbilt</u>, 174 F.R.D. at 228 (adopting narrow view of waiver in case applying federal law of privilege).  Even more significantly, this court finds that the narrow approach provides the best means of carrying out the Supreme Court's directive, as articulated in <u>Jaffee</u>, that decisions regarding application of the psychotherapist-patient privilege should be predictable, and should not be made by balancing the plaintiff-patient's interest in privacy against the defendant's need for the evidence.  Specifically, as the <u>Jaffee</u> Court stated in relevant part:

> We reject the balancing component of the privilege implemented by … a small number of States.  Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would

> eviscerate the effectiveness of the privilege.  As we explained in *Upjohn*
> *[Co. v. United States,* 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed. 2d 584
> (1981)], if the purpose of the privilege is to be served, the participants in
> the confidential conversation "must be able to predict with some degree
> of certainty whether particular discussions will be protected.  An
> uncertain privilege, or one which purports to be certain but results in
> widely varying applications by the courts, is little better than no privilege
> at all."  449 U.S., at 393, 101 S. Ct., at 684.

Jaffee, 518 U.S. at 17-18, 116 S. Ct. at 1932 (footnote omitted).  Because it provides patients

with predictability, the narrow approach to waiver serves both the patient's interest in

"protecting confidential communications . . . from involuntary disclosure," and the public

interest in "facilitating the provision of appropriate treatment for individuals suffering the

effects of a mental or emotional problem."  Id. at 11, 116 S. Ct. at 1929.  In contrast, the middle

ground approach, which "hinges on an after-the-fact judicial assessment of numerous

qualitative factors[,] introduces a risk of uncertainty that the Supreme Court in *Jaffee* sought to

avoid."  Fitzgerald v. Cassil, 216 F.R.D. 632, 639 (N.D. Cal. 2003).  Therefore, this court

concludes that the narrow approach should apply here.

        Finally, this court notes that this court's adoption of the narrow approach to waiver will

cause little if any prejudice to the defendants.  As described above, "the privilege applies only

to 'communications' between the plaintiff-patient and [his] therapist[s] and the records of such

communications."  Booker, 1999 WL 734644, at *1.  Therefore, "[t]he defendants remain free

to question the plaintiff[ ] about the fact of psychotherapy treatment" and "can still probe the

[plaintiff's] credibility and 'inquire into [his] past[ ] for the purpose of showing that [his]

emotional distress was caused at least in part by events and circumstances that were not

[related to the alleged acts of the defendants].'"  Id. (quoting Sidor v. Reno, No. 95 Civ. 9588

(KMW), 1998 WL 164823, at *1-2 (S.D.N.Y. Apr. 7, 1998)).  For this reason as well, this court will

adhere to the narrow approach to determine whether Silvestri has waived the privilege over his communications with his psychotherapists.

### Application of the Narrow Approach to the Instant Case

This court finds that Silvestri has not waived the psychotherapist-patient privilege. According to the plaintiff, he does not intend to call any of his psychotherapists as witnesses in this case, and does not plan to present evidence regarding the substance of his privileged communications.  (Pl. Opp. Mem. at 11).  Moreover, although Silvestri alleged in his complaint that the defendants' conduct caused him to suffer post-traumatic stress disorder ("PTSD"), he has withdrawn that claim and has indicated that he "will not claim that Defendants' conduct caused him to suffer any particular or specific psychiatric disorder" such that he would need to present expert testimony regarding his condition.  (Id.).  While the plaintiff has asserted state law claims for the intentional and negligent infliction of emotional distress, and has alleged that the defendants caused him to suffer "severe emotional distress," including nightmares and anxiety, this is not enough to waive the psychotherapist-patient privilege.  See Howe, 784 F. Supp. 2d at 34.  Therefore, to the extent the defendants are seeking to compel the production of Silvestri's mental health records, their motion is denied.  However, the denial shall be without prejudice to renewal following the disclosure of experts, or at any appropriate point in the proceedings, if it appears that the plaintiff is seeking to make affirmative use of the privileged information.

### III.  CONCLUSION

For all the reasons detailed herein, the "Defendants' Motion to Compel Discovery" (Docket No. 70) is ALLOWED IN PART and DENIED IN PART WITHOUT PREJUDICE.  By **March 2,**

**2016** or any other date agreed to by the parties, the defendants shall serve the plaintiff with an Interrogatory requesting any non-privileged information regarding his mental health treatment, including any diagnoses, the nature of his treatment (including any medications), the dates of such treatment, and whether or not the plaintiff is seeking damages in connection with any such diagnoses and treatment.  The plaintiff shall provide a response to the defendants' Interrogatory by **March 9, 2016** or any other date agreed to by the parties.  The motion is otherwise DENIED without prejudice to renewal following the disclosure of experts, or at any appropriate point in the proceedings, if it appears that the plaintiff is seeking to make affirmative use of the privileged information.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge